CAROLINE M. MATTESON *vs.* BENJAMIN F. SMITH, ET AL.

NOVEMBER 12, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1) *Appeals in Equity. Allowance of Transcript. Jurisdiction.*

C. P. A., § 329, relative to appeals in equity, provides that "the clerk immediately upon the filing of the transcript shall present the same, for allowance, to the justice who heard the cause, etc."

After the case was heard and decree entered in the Superior Court, the justice ceased to be a member of the court. Appellant appealed, but instead of filing petition in the supreme court, under C. P. A., § 330, to determine

correctness of the transcript, appellant obtained an allowance from another justice of the Superior Court:—

*Held,* that, the appeal must be dismissed.

*Held,* further, that the fact that appellees had moved to assign the appeal for hearing in the Supreme Court was immaterial in view of the fact that that court was without jurisdiction, owing to appellant's failure to comply with the statute.

APPEAL IN EQUITY. Heard on motion to dismiss, and granted.

BLODGETT, J. This is a motion to dismiss an appeal in equity on the ground of non-compliance with the provisions of sections 329 and 330, C. P. A., the portions whereof, which are material to this inquiry, are as follows: "SEC. 329. . . The clerk, immediately upon the filing of the transcript, shall present the same for allowance to the justice, who heard the cause, who after examination shall restore such transcript to the files of the clerk, with a certificate of his action thereon.

"SEC. 330. . . . If the transcript has not been allowed by the justice who heard the cause, or objection is made thereto by either party, the correctness of the transcript may be determined, by petition, as provided in section 494 for determining the matter of exceptions."

The undisputed facts are that the case was heard and the decree appealed from was entered in the Superior Court on January 20, 1909, before a justice of that court, who, on January 21, 1909, ceased to be a member of that court; that the appellant seasonably claimed her appeal, but instead of complying with the provisions of section 330, C. P. A., *supra,* and filing her petition in this court to determine the correctness of the transcript of the proceedings, when the justice below, who had heard the cause, was no longer vested with jurisdiction to act further in the cause, the appellant obtained an extension of time, and a subsequent allowance of the transcript from another justice of the Superior Court, who had not heard the cause.

For this failure to comply with the requirement of the statute the appellee now moves to dismiss the appeal, on the ground that this court is without jurisdiction in the premises.

(1)    We are of the opinion that the motion must be granted.    In *Hartley* v. *Rhode Island Co.*, 28 R. I. 157, 159, we construed the provisions of section 494, C. P. A., referred to in section 330, C. P. A., above, and we then held that "As the defendant's bill of exceptions in this case was not allowed by the justice, who presided at the trial, within twenty days after it was filed in the clerk's office, and as no petition to establish the truth of the exceptions was filed in this court within thirty days after the bill was filed in the clerk's office, we can not entertain it, and it must be dismissed and the cause remanded to the Superior Court for judgment on the verdict."

The appellant urges that the present motion to dismiss should not be granted because the appellees heretofore filed a motion "that said appeal be assigned to a day certain for hearing," without then mentioning the ground for dismissal now urged, and which was included in a subsequent motion filed by the appellees.    But inasmuch as the undisputed facts disclose that this court is without jurisdiction because of the appellant's failure to comply with the statute, it follows that the only order we could have made at such a hearing is the order, which we must now make—that is to say,

Appeal dismissed.

*Claude J. Farnsworth, James F. Murphy, and Peter J. Quinn,* for complainant.

*Thomas A. Carroll, Philip C. Sheldon, and Walter P. Suesman,* for respondents.